(Reap. Dec. 10534)

SHELFORD, INC., ET AL. *v.* UNITED STATES

Entry No. 21675, etc.

(Decided June 10, 1963)

*Lawrence & Tuttle* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the court, as follows:

1. That this stipulation is limited to the items marked "A" and initialed CSH (Examiner's Initials) by Examiner C. S. Hyman (Examiner's Name) on the invoices covered by the above-entitled appeals.

2. That as so limited, the merchandise and the issues are the same in all material respects as those involved in *United States* v. *Gitkin Co.*, A.R.D. 132, and that the record in the cited case may be incorporated in the record herein.

3. That as so limited, the prices at the time of exportation at which such or similar merchandise was freely sold or offered for exportation to the United States to all purchasers in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, such prices including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incidental to placing the merchandise in condition packed ready for shipment to the United States, were the appraised values less the proportionate part of the items on the invoices marked "B" in green ink by the Examiner; and that at the said time of exportation, such or similar merchandise was not freely offered or sold for home consumption in the country of exportation.

4. That the involved merchandise was entered or withdrawn from warehouse for consumption both before and after February 27, 1958, and is not identified in the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956 (T.D. 54521).

5. That the appeals enumerated in the attached Schedule "A" may be submitted on this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

On the agreed facts and consistent with the cited decision on the law, I find that the proper basis for appraisement of the merchandise in question, as hereinabove identified, is statutory export value and hold that such value therefor is the appraised values, less the proportionate part of the items on the invoices marked "B" in green ink by the examiner.

As to all other merchandise included in the shipments covered by the entries involved herein, the appeals for reappraisement are dismissed.

Judgment will be rendered accordingly.